UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Jonathan Stieglitz   Douglas Smith

**Proceedings:** ZOOM HEARING RE: MOTION TO REMAND (Dkt. 21, filed on November 28, 2024)

## I. INTRODUCTION

On July 10, 2024, Keith Feder M.D., Inc. ("plaintiff") filed a complaint in Los Angeles Superior Court against Nestlé USA, Inc. ("defendant") and ten doe defendants, asserting three claims for relief: (1) negligent misrepresentation; (2) promissory estoppel; and (3) enforcement pursuant to 29 U.S.C. § 1132(a)(1)(B) for failure to pay Employee Retirement Income Security Act ("ERISA") plan benefits. Dkt. 1-2 ("Compl.") ¶¶ 60-79. On August 12, 2024, defendant removed the case to this Court on the basis of federal question jurisdiction and diversity jurisdiction. Dkt. 1 ("Notice of Removal").

On October 16, 2024, defendant filed a motion to dismiss. Dkt. 19. On November 28, 2024, plaintiff filed a motion for leave to file a first amended complaint. Dkt. 20. The same day, plaintiff filed its first amended complaint. Dkt. 22 ("FAC"). On December 9, 2024, the Court granted plaintiff leave to file its FAC, *nunc pro tunc*, and denied defendant's motion to dismiss as moot. Dkt. 24. Plaintiff's FAC amended the cover page's claimed damages to $50,000 from $25,000 and eliminated its ERISA claim. See generally FAC.

Also on November 28, 2024, plaintiff filed the instant motion to remand the case to Los Angeles Superior Court. Dkt. 21 ("Mot."). On December 23, 2024, defendant filed its opposition. Dkt. 29 ("Opp."). On December 24, 2024, plaintiff filed its reply. Dkt. 30 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

On December 19, 2024, defendant filed a motion to dismiss plaintiff's FAC. Dkt. 27. On December 22, 2024, plaintiff filed its opposition. Dkt. 28. A hearing on defendant's motion to dismiss is set for January 27, 2025.

On January 13, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff is a California medical corporation. FAC ¶ 1. In his FAC, plaintiff alleges that defendant's representative and agent is Anthem Blue Cross Life and Health Insurance Co. Id. ¶ 3. Plaintiff alleges that he did not have a written contract with the relevant health plan and received no referrals therefrom. Id. ¶ 10. Plaintiff explains that insurers use the terms usual, reasonable, customary, and allowed "all to mean an average payment for a procedure provided by similarly situated medical providers within similarly situated areas or places of practice." Id. ¶ 13. These terms are abbreviated "UCR" by the industry. Id. Plaintiff alleges that when a provider like plaintiff is told that defendant or Anthem is going to pay a claim based on UCR, plaintiff expects that defendant or Anthem will use the Fair Health database to calculate the exact dollar amount that plaintiff will be paid. Id. ¶ 19.

Plaintiff alleges that on September 13, 2022, patient BS received a surgical procedure from plaintiff. Id. ¶ 21. Prior to the procedure, on September 8, 2022, plaintiff alleges that an employee of plaintiff obtained representations from an Anthem representative regarding how plaintiff would be paid for its services, clarifying the patient's responsibility and defendant's responsibility for payment. Id. ¶¶ 22-25. Plaintiff alleges that at no time prior to the provision of services was plaintiff advised that patient's "policy or certificate of insurance was subject to certain exclusions, limitations, or qualifications, which might result in the denial of coverage, limitation of payment or any other method of payment unrelated to the UCR rate." Id. ¶ 32. Plaintiff claims that despite Anthem's representations on its behalf, defendant knew it would be paying the Medicare rate rather than the UCR rate and intended to induce plaintiff to provide the medical services on the basis of its misrepresentations. Id. ¶¶ 34-36.

Following the procedure, plaintiff alleges, it submitted to defendant through Anthem the requisite billing information and bill totaling $50,000. Id. ¶ 39. Plaintiff claims that defendant "processed the bills and made a payment of $621.99." Id. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

According to plaintiff, this amount "was well below the UCR amount represented during the separate oral communications" plaintiff had with defendant. Id. ¶ 42.

### III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### IV. DISCUSSION

Plaintiff argues that the law in this Circuit is well settled on the question at issue. Mot. at 1. He argues that the "claims of a third party medical provider against an ERISA plan for failing to make proper payment for medical services based on oral assertions and promises of that plan or its representative are not completely preempted." Id. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O' JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

argues that his claims, as pled in his FAC, are his independent claims, which do not depend on or claim the rights of the patient pursuant to the ERISA plan, and that they are accordingly not preempted by ERISA. Id. at 4.

Plaintiff contends that ERISA Section 502 does not preempt the causes of action in his FAC because the two-prong test set forth in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) is not satisfied. Id. Plaintiff argues that because he (1) could not have brought his promissory estoppel or negligent misrepresentation claims under ERISA and because (2) these claims are independent tort and quasi-contract claims, neither Davila prong is satisfied. Id.

In opposition, defendant first argues that remand is not proper because diversity jurisdiction existed at the time of removal. Opp. at 6. Defendant argues that it removed the case on the basis of both diversity and federal question jurisdiction. Id. At the time of removal, defendant contends, plaintiff "did not allege a specific amount in controversy, but alleged that the bill for its services to patient [BS] was '$23,800' … and sought unspecified compensatory damages 'in an amount to be determined, such as 'for the time, cost and money expended in providing medical services to [p]atient BS." Id. at 6-7. Defendant argues that plaintiff also sought attorney's fees pursuant to ERISA's statutory attorneys' fees provision. Id. at 7. Defendant argues that in its notice of removal, it explained that "these allegations plausibly allege an amount in controversy exceeding $75,000, as this Court has found that claims for compensatory damages coupled with a request for attorneys' fees can satisfy the required amount in controversy for diversity jurisdiction." Id. Defendant argues that the fact that plaintiff amended its complaint to increase the amount of the medical bill to $50,000 from $23,800, shows that at the time of removal, the amount of unspecified compensatory damages combined with the statutory attorneys' fees request exceeded $75,000. Id. Though plaintiff contends that the amount in controversy after amendment would be less than $75,000, defendant argues, this is irrelevant because plaintiff does not contest that at the time of removal the amount in controversy was greater than or equal to $75,000. Id. at 8. Defendant argues that amendments to reduce the amount in controversy below the $75,000 threshold do not deprive the Court of jurisdiction, thus the Court should deny the motion to remand on this basis. Id. at 8-10.

Defendant next argues that the Court may still exercise supplemental jurisdiction over the state law claims, even though plaintiff voluntarily dismissed the ERISA claim in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

its FAC. Id. at 10. Defendant argues that it removed this case on the basis of federal question jurisdiction because the original complaint alleged a federal claim for ERISA health plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and because the Court had supplemental jurisdiction over the two state law claims which are part of the same Article III case or controversy. Id. at 10-11. Plaintiff's voluntary amendment to strike the federal claim, defendant argues, does not deprive the Court of jurisdiction because the Court still has discretion to continue to exercise supplemental jurisdiction over the remaining state law claims. Id. at 11. Defendant contends that the four factors courts weigh in determining whether to exercise supplemental jurisdiction, judicial economy, convenience, fairness, and comity, all favor this Court retaining jurisdiction in this case. Id.

Defendant concedes that it does not argue plaintiff's state law claims are completely preempted by ERISA, but instead argues that the affirmative defense of ERISA conflict preemption, pursuant to ERISA § 514(a) of 29 U.S.C. § 1144(a), applies.[1] Opp. at 11, 13-14. Defendant argues that judicial economy would be promoted by the Court retaining jurisdiction and ruling on the pending motion to dismiss because ERISA clearly preempts the remaining state law claims, and thus it would waste resources to force the parties to brief the issue anew in state court. Id. at 11-12. Defendant contends that state court is not a more convenient forum for the litigation and that it would be inconvenient for the parties to brief the motion to dismiss for a third time. Id. at 12. It would also be unfair, defendant argues, for the Court to allow plaintiff to use remand to "escape a ruling on the pending motion to dismiss." Id. Finally, for comity reasons, defendant argues, this Court is better placed to decide the issues in the case

---

[1] Defendant notes that it mentioned possible reliance on complete ERISA preemption as a basis for federal question jurisdiction in a footnote in its Notice of Removal, but argues that complete preemption is irrelevant here because it "is opposing remand based on the existence of diversity jurisdiction, and independently on the ground that the Court should exercise supplemental jurisdiction over the state law claims, including because judicial economy and comity would be served by *not* remanding state-law claims that ERISA clearly preempts on *conflict* preemption grounds under 29 U.SC. § 1144 (ERISA § 514(a))—which is a different legal issue from *complete* preemption under 29 U.SC. § 1132 (ERISA § 502)." Opp. at 13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

because federal courts have more experience with ERISA and there are no unique or novel state law questions presented by this case. Id.

Defendant next argues that plaintiff's arguments about ERISA complete preemption are irrelevant. Id. at 13. Defendant contends that it mentioned preemption in a footnote in its notice of removal and that diversity and federal question jurisdiction with corresponding supplemental jurisdiction are sufficient for the Court to have subject matter jurisdiction here. Id. Defendant argues that the case on which plaintiff primarily relies, Healthcare Ally Mgmt. of Cal., LLC v. Aetna Life Ins. Co., 2022 WL 14518731 (C.D. Cal. Oct. 25, 2022), is inapposite because there, defendant opposed remand on the ground of complete ERISA preemption, which defendant explains is not its argument in this case. Id. at 13-14. Defendant also contends that the supplemental jurisdiction argument made there is not analogous to its argument here, nor did the case address diversity jurisdiction, relevant here. Id. at 14.

In reply, plaintiff first argues that there is no complete preemption of its state law claims. Reply at 2. Plaintiff contends that the amount in controversy is "well under $75,000." Id. It argues that the cover page of its original complaint it said that damages were $25,000 and in its amended complaint revised that amount to $50,000. Id. Plaintiff contends that defendant "cannot use perceived attorney's fees as a basis to overcome what is [d]efendant's 'heavy burden' to establish that the $75,000 threshold has been exceeded." Id. According to plaintiff, this is "particularly true" when defendant has not provided summary judgment type evidence to support that the attorney's fees would cause the amount in controversy to be greater than $75,000. Id. Plaintiff argues that defendant would need to make an evidentiary showing of how much time would be spent on the case in order to make out its amount in controversy claim based on attorney's fees. Id. at 2-3. Plaintiff contends that as defendant argues, the amount in controversy is based on the initial complaint and "$25,000 for attorney's fees … plus the amount asserted in damages in the original complaint of $25,000 … is only $50,000," which does not exceed the $75,000 amount in controversy baseline. Id. at 3. Plaintiff argues that there are no attorney's fees available in connection with its state law claims and thus defendant "cannot use attorney's fees to support that the $75,000 threshold has been passed as the attorney's fee provision never applied to [plaintiff]'s state law claims either in the original or amended complaint." Id. at 4. Given that defendant bears the heavy burden of establishing that the amount in controversy is greater than $75,000, plaintiff argues, defendant has failed to carry its burden based on either complaint. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

Plaintiff also argues that the factors used to determine whether the Court should exercise supplemental jurisdiction weigh against the Court retaining jurisdiction. Id. Plaintiff contends that there are no longer any claims over which this Court has original jurisdiction and that the state law claims have predominated since the beginning of the case. Id. at 5. Plaintiff argues that the parties have not engaged in discovery nor has defendant filed an answer, so there would be no difference to the parties if the case were remanded. Id. Plaintiff argues that defendant concedes this point as it relates to its argument on judicial economy because it argues that only a motion to dismiss has been filed. Id. Because this Court is so busy, plaintiff argues, the interests of judicial economy would be served by remand. Id. at 5-6. Plaintiff argues that defendant concedes that state court is no less convenient. Id. at 6. Plaintiff contends that there is no unfairness in seeking to have a case it originally filed in state court resolved there. Id. Finally, plaintiff argues that defendant's comity arguments lack merit because the remaining claims are state law claims and the question of whether the claims are preempted by ERISA is "not specifically a federal issue." Id.

The Court concludes that remand is appropriate in this case. In order to establish removal jurisdiction in an action premised on diversity of citizenship, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and that (2) the suit is between citizens of different states. See 28 U.S.C. § 1332. Here, as complete diversity between the parties is not disputed, the Court finds that subject matter jurisdiction depends upon the amount in controversy. The parties dispute that the amount in controversy is greater than $75,000. Mot. at 1; Opp. at 6-10; Reply at 2-4. To determine whether the Court has subject matter jurisdiction, it looks at the amount in controversy at the time of removal, rather than determining the amount in controversy on the basis of the amended pleading. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). The Court concludes that defendant has failed to carry its burden of establishing that the amount in controversy exceeds $75,000.

The Supreme Court has established that the standard in cases removed from state court is distinct from those instituted in federal court. In cases of removal, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." St. Paul Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938). In accordance with the strong presumption against removal jurisdiction, the defendant always has the burden of establishing that removal is proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

(9th Cir. 1988). The Ninth Circuit has explained that "[n]ormally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), overruled on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87-89 (2014). Though defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," evidence establishing that the threshold is exceeded is required when the amount claimed is questioned by the Court or the plaintiff. Dart Cherokee, 574 U.S. at 89.

Here, plaintiff's motion to remand argued only that "there is no diversity jurisdiction because the amount in controversy will be well below $75,000" on the basis of the amended complaint, focusing most of its argument on whether complete ERISA preemption applied. Mot. at 1. Though the argument is seemingly based on a misunderstanding of how the amount in controversy is calculated, given its reference to the amended complaint, this argument was sufficient to indicate to defendant that plaintiff was contesting that the amount in controversy requirement was met. Defendant responded in opposition indicating it understood it faced such a challenge. Opp. at 7-8. In this case, defendant has failed to provide sufficient evidence to establish that the amount in controversy threshold is satisfied.

In its original complaint, plaintiff's only stated damages are on the cover page of its filing, where it lists "Damages - $25,000." Compl. Plaintiff contends that the medical procedure it provided resulted in a bill for $23,880, and that thereafter it received a payment from defendants for $621.99. Id. ¶¶ 56, 58. Plaintiff's prayer for relief seeks compensatory damages and statutory interest, restitution plus statutory interest, attorney's fees, and other relief the Court may deem appropriate. Id. at 15. Defendant's opposition argues that its notice of removal explained that "these allegations plausibly allege an amount in controversy exceeding $75,000, as this Court has found that claims for compensatory damages coupled with a request for statutory attorneys' fees can satisfy the required amount in controversy for diversity jurisdiction." Opp. at 7. The case on which defendants rely, the Court finds, is not analogous to the situation here. There, the plaintiff had not specified a damages figure in his complaint, but the Court determined that defendant's argument that plaintiff was seeking more than $314,534 to make up for lost benefits he would have received but for defendant's alleged wrongful conduct, with a supporting declaration, sufficed to establish by a preponderance of the evidence that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
|---|---|---|---|
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

amount in controversy was greater than $75,000. Lake v. Delta Air Lines, Inc., 2011 WL 3102486, at *3 (C.D. Cal. July 22, 2011).

Here, plaintiff claimed damages of $25,000 on the cover page of its complaint and defendant offers no analogous evidence of the kind proffered in Lake. Compl. at 1. Instead, defendant argues that plaintiff amending the amount of the bill to be $50,000 in the FAC from the originally claimed $23,800 is "itself evidence supporting [defendant]'s allegation at the time of removal that [plaintiff]'s then-unspecified amount of compensatory damages coupled with the statutory attorneys' fees request exceeded $75,000." Opp. at 7. Defendant contends that this is the case because "$50,000 in compensatory damages plus a recovery of at least $25,000 in attorneys' fees (which would amount to less than 35 hours of work on the case at the $700 to $800 per hour rates this Court has recently awarded as attorneys' fees in ERISA cases) would satisfy the jurisdiction threshold." Id. Though attorneys' fees are properly included in the amount in controversy calculation because they are authorized by the underlying statute, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), the Court finds that defendant's argument does not suffice to establish by a preponderance of the evidence that the amount in controversy threshold has been exceeded. As the Court explained, the question is whether the amount in controversy was sufficient at the time of removal, looking to the original complaint. Chavez, 888 F.3d at 417. The Court finds that it is improper for defendant to cobble together components of the FAC with the original complaint in order to demonstrate that the threshold is met. The Court finds that defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy at the time of removal was greater than $75,000.

The Court also concludes that exercising supplemental jurisdiction over the remaining state law claims would not be appropriate in these circumstances. When all claims over which a district court has original jurisdiction have been dismissed, it may decline to exercise jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction is therefore discretionary in circumstances such as these where the claims over which the Court had original jurisdiction are no longer in the case. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). To guide its discretion, the Court looks to the factors established in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), and weighs "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:24-cv-06817-CAS(BFMx) | Date | January 13, 2025 |
| Title | Keith Feder, M.D., Inc. v. Nestlé USA, Inc. et al | | |

The Court finds that the relevant factors do not support the Court retaining jurisdiction over the state law claims in this case. Generally, courts do not exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed before trial. Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1208 (C.D. Cal. 2013) (citing Gibbs, 383 U.S. at 726). In this case, the federal claim was dismissed long before trial, and before discovery has even begun. Defendant does not dispute that the state court is an equally convenient forum, aside from contending that it would be inconvenient to have to brief the motion to dismiss again there. Opp. at 12. Defendant contends that it would be "unfair for the Court to allow [plaintiff] to remand to escape a ruling on the pending motion to dismiss." Id. However, the Ninth Circuit has said that if a defendant removes, "the plaintiff must then choose between federal claims and a state forum," which is a "straight-forward tactical decision." Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995). Therefore, the Ninth Circuit has approved of a plaintiff's ability to amend its complaint to eliminate federal claims in order to avoid the forum, and does not deem such a decision unfair. The Court concludes that the comity factor also does not weigh in favor of jurisdiction over the state law claims because this Court is not better positioned to decide their merits. The Ninth Circuit has established that where ERISA preemption is raised as a defense, "state courts retain jurisdiction over the case and over the preemption question." Mack v. Kuckenmeister, 619 F.3d 1010, 1021 (9th Cir. 2010). The Ninth Circuit has determined that the state court is a proper forum for the determination of the preemption issue. The Court concludes that the factors guiding its discretion do not favor the exercise supplemental jurisdiction over the remaining state law claims. The Court declines to exercise supplemental jurisdiction.

### V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand the case to the Los Angeles Superior Court.

IT IS SO ORDERED.

| | | 00 | : | 09 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |